IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRENDA SVOBODA and<br>THOMAS SVOBODA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 8:07CV472 |
| vs. | )<br>) | REPORT AND<br>RECOMMENDATION |
| UNION SECURITY INSURANCE CO., | )<br>) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Remand (Filing No. 10), Motion to Dismiss Count II (Filing No. 12) and Amended Motion to Dismiss Count II (Filing No. 22). The motions are fully briefed and the undersigned magistrate judge recommends the plaintiffs' motion to remand be granted.[1]

## BACKGROUND

On November 9, 2007, the plaintiffs filed the instant action in the District Court of Colfax County, Nebraska. **See** Filing No. 1, Ex. 1 - Complaint. The plaintiffs are residents of Schuyler, Colfax County, Nebraska. *Id.* Claim I, ¶ 1. The plaintiffs' complaint alleges the

---

[1]The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts") and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:
> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

defendant failed to pay medical bills related to Brenda Svoboda's total knee arthroplasty, after the defendant had pre-authorized the surgery. *Id.* ¶ 4. The defendant is an insurance company incorporated under the laws of Iowa, with its principal place of business in Kansas City, Missouri. *Id.* ¶ 2.

The following is a summary of the allegations in the plaintiffs' complaint. Ms. Svoboda had group health coverage effective August 1, 2006, through the defendant. *Id.* ¶ 3. On September 1, 2006, Ms. Svoboda contacted the defendant requesting pre-authorization for the knee surgery. *Id.* ¶ 4. The defendant pre-authorized the surgery which took place on September 18, 2006. *Id.* The defendant initially paid the physician, but later requested the payment be returned. *Id.* The defendant paid no other medical bills. *Id.* Based on these facts, the plaintiffs allege claims for breach of the insurance contract and bad faith. In the first claim, the plaintiffs seek damages of $43,683.99 in medical bills, plus attorney fees. *Id.* ¶ *5.* In the second claim for relief, the plaintiff seeks an unspecified sum because the "plaintiffs have been subjected to harassment by creditors, annoyance, oppression and embarrassment, and their credit has been ruined and they have suffered additional general damages." *Id.* Claim II, ¶ 2.

On December 10, 2007, the defendant removed the instant action, asserting the plaintiffs' causes of action involve a claim for benefits under a group health-insurance policy issued by the defendant to Ms. Svoboda's employer, Schuyler County Housing Authority (SCHA). **See** Filing No. 1 - Notice of Removal. Accordingly, the defendant asserted the action is governed by the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. *Id.* ¶ 5. Based on ERISA, the defendant argued this court has jurisdiction over the matter based on federal question jurisdiction. Id. ¶ 6-7. Alternatively, the defendant alleges the court has jurisdiction based on the diversity of citizenship between the parties, particularly "the amount in controversy likely exceeds $75,000, given that Plaintiffs appear to seek punitive damages." *Id.* ¶ 8 (**citing** Complaint Count II).

On January 9, 2008, the plaintiffs filed the motion to remand. **See** Filing No. 10. At the same time, the plaintiffs filed the motion to dismiss Count II, without prejudice. **See** Filing No. 12. On January 24, 2008, the defendant filed an objection to the motion to

2

dismiss. **See** Filing No. 20. The defendant stated the motion was an attempt to defeat removal jurisdiction. However, the defendant stated it would not oppose the plaintiffs' attempt to dismiss Count II, if the count were dismissed with prejudice. In response, on January 25, 2008, the plaintiffs filed an amended motion to dismiss Count II with prejudice. **See** Filing No. 22. The defendant did not oppose the motion.

The plaintiffs filed a brief (Filing No. 13) and an index of evidence (Filing Nos. 14-17) in support of the motion to remand. The plaintiffs contend the benefits plan at issue is specifically excluded from coverage by ERISA as a governmental plan. Additionally, the plaintiffs state the controversy relates only to $ 43,683.99, exclusive of interest and cost. Accordingly, the plaintiffs contend the court has neither federal question nor diversity jurisdiction. The defendant filed and objection to the motion to remand. **See** Filing No. 21. The defendant argues diversity jurisdiction exists because although the complaint does not specify an amount over the jurisdictional minimum, a preponderance of the evidence shows the amount in controversy exceeds it. The defendant no longer maintains federal question jurisdiction exists.

## ANALYSIS

Because no federal question is presented, the court must determine whether diversity of the parties exists in order to confer federal jurisdiction. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. ***James Neff Kramper Family Farm P'ship v. IBP, Inc.***, 393 F.3d 828, 831 (8th Cir. 2005); **In re *Minnesota Mut. Life Ins. Co. Sales Practices Litig.***, 346 F.3d 830, 834 (8th Cir. 2003); ***Crosby v. Aid Ass'n for Lutherans***, 199 F.R.D. 636, 638 (D. Minn. 2001) ("When no

amount is specified in the complaint, the party opposing remand must prove the required amount by a preponderance of the evidence.").

Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party.  **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 107-09 (1941).  A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute.  **Transit Cas. Co. v. Certain Underwriters at Lloyd's of London**, 119 F.3d 619, 625 (8th Cir. 1997); **In re Bus. Men's Assurance Co. of Am.**, 992 F.2d 181, 183 (8th Cir. 1993).  Moreover, "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff."  **Hurt v. Dow Chem. Co.**, 963 F.2d 1142, 1145 (8th Cir. 1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State).

Absent federal question jurisdiction the United States District Court has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."  **See** 28 U.S.C. § 1332(1).  This type of subject matter jurisdiction is known as diversity jurisdiction.  In this case, the plaintiffs are residents and citizens of the State of Nebraska and the defendant is an insurance company, incorporated under the laws of the State of Iowa, with its principle place of business in the State of Missouri.  **See** Filing No. 1.  There is no dispute the parties are diverse.  The parties do dispute the amount in controversy.

The plaintiff's complaint alleges, at a minimum $ 43,683.99, plus attorney fees.  **See** Filing No. 1, Ex. 1 - Complaint Claim I ¶ 5.  The complaint also seeks "such amount as a jury may award" on Claim II.  **Id.** p. 3.  However, the plaintiffs seek to dismiss Claim II and limit the amount in controversy to $43,683.99, exclusive of interest and costs.  **See** Filing No. 10 - Motion to Remand ¶ 2.  The defendant contends that the amount stated in the complaint plus the potential amount from Claim II, although uncalculable at this time, is certainly enough for removal jurisdiction.  **See** Filing No. 21 - Brief p. 3.

In addition to evaluating the allegations made in the complaint and notice of removal, the court may look outside the pleadings to other evidence in the record to determine whether subject matter jurisdiction exists.  **Land v. Dollar**, 330 U.S. 731, 735 & n.4 (1947).

"[T]he Eighth Circuit Court of Appeals has authorized the courts to consider affidavits and answers to interrogatories either to support or defeat diversity jurisdiction." **McCorkindale v. Am. Home Assurance Co./A.I.C.**, 909 F. Supp. 646, 654-65 (N.D. Iowa 1995) (**citing Larkin v. Brown**, 41 F.3d 387, 389 (8th Cir. 1994); **Zunamon v. Brown**, 418 F.2d 883, 887 (8th Cir. 1969)).

The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. **Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach**, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); **Keene Corp. v. United States**, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); **James Neff**, 393 F.3d at 834 (the court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'"). This is so "even though subsequent events may remove from the case the facts on which jurisdiction was predicated." **Quinn v. Ocwen Fed. Bank FSB**, 470 F.3d 1240, 1248 (8th Cir. 2006).

Generally, "[a] subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." **Hatridge v. Aetna Cas. & Sur. Co.**, 415 F.2d 809, 814 (8th Cir. 1969) (citations omitted). Therefore, "jurisdictional facts must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time." **Dyrda v. Wal-Mart Stores, Inc.**, 41 F. Supp. 2d 943, 948 (D. Minn. 1999) (**citing Gilmer v. Walt Disney Co.**, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) (**quoting Allen v. R & H Oil & Gas Co.**, 63 F.3d 1326, 1335 (5th Cir. 1995))).

The only specific amount listed in the complaint is $43,683.99. **See** Filing No. 1, ¶ 2. The defendant may meet its burden by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional minimum. Likewise, this burden can be met if it is 'facially apparent that the claims are likely above [the jurisdictional minimum].'" **Gilmer**, 915 F. Supp. at 1007 (**quoting Allen**, 63 F.3d at 1335) (internal citation omitted); **Quinn v. Kimble**, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002). Further, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder

might legally conclude they are." **James Neff**, 393 F.3d at 834 (**quoting Kopp**, 280 F.3d at 885). The Eighth Circuit has stated: "As we see it, the federal court has jurisdiction here unless, as a matter of law, . . . the amount of damages that [the plaintiff] could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." **Kopp**, 280 F.3d at 885 (diversity jurisdiction was satisfied, as award, including punitive damages and damages for emotional distress, could exceed $75,000, based on nature of claim). When a defendant satisfies the burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, a plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount. **See Kopp v. Kopp**, 280 F.3d 883, 884-85 (8th Cir. 2002). A plaintiff might meet that burden by citing a state law or a binding stipulation which limits a plaintiff's recovery of damages.

The plaintiff may avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount in the complaint. **See St. Paul Mercury Indemnity Co. v. Red Cab Co.**, 303 U.S. 283, 294 (1938) ("If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); **Burns v. Windsor Ins. Co.**, 31 F.3d 1092, 1095 (11th Cir. 1994) ("only the sum actually demanded is in controversy"); **see also Terra Int'l, Inc. v. Mississippi Chem. Corp.**, 119 F.3d 688, 695 (8th Cir. 1997) (stating that "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum"). However, "conclusory allegations do not provide an adequate basis for determining this court's jurisdiction." **McCorkindale**, 909 F. Supp. at 653 (**citing Allen**, 63 F.3d at 1335).

The court finds that the defendant has failed to meet its burden of proof. Based on the nature of the plaintiffs' claim, together with the prayer for damages and other evidence in the record, a fact finder might as likely as not reasonably conclude the plaintiffs' damages do not exceed $75,000. The amount sought for medical bills is finite and less than $45,000. No additional specific amounts are actually in controversy. Any other damages sought are uncalculable at this time and mere conclusory allegations that such

damages "likely" exceed the jurisdictional minimum are insufficient to confer jurisdiction. Accordingly, the court finds the amount in controversy is insufficient to grant this court jurisdiction over this matter. In any event, the plaintiffs have provided evidence of their clear intent to limit damages below the jurisdictional requirement. Therefore, the undersigned magistrate judge recommends the plaintiffs' motion to remand be granted. Based on this recommendation, the court is without jurisdiction to rule on the pending motions to dismiss. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

1. The plaintiffs' Motion to Remand (Filing No. 10) be granted.
2. The defendant's Objection (Filing No. 21) be overruled.
3. The court abstain from ruling on the plaintiffs' Motion to Dismiss Count II (Filing No. 12), the defendant's Objection (Filing No. 20) and the plaintiffs' Amended Motion to Dismiss Count II (Filing No. 22).

**ADMONITION**

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 5th day of March, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge