IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDA SVOBODA and THOMAS SVOBODA, | )<br>)<br>) |
| Plaintiffs, | ) 8:07CV472<br>)<br>) |
| v. | )<br>) MEMORANDUM AND ORDER |
| UNION SECURITY INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

Before the court are a number of motions: motion to remand, Filing No. 10; motion to dismiss Count II, Filing no. 12; objection to motion to dismiss, Filing No. 20; objection to motion to remand, Filing No. 21; motion to amend, Filing No. 22; and objection, Filing No. 26, to the report and recommendation of the magistrate judge, Filing No. 25, by the defendant. The magistrate judge determined that the case should be remanded.

## BACKGROUND

Plaintiffs filed this case on November 9, 2007, in the District Court of Colfax County, Nebraska. Plaintiffs alleged that defendant failed to pay Brenda Svoboda's medical bills after defendant had preauthorized knee surgery. In her first claim for relief, Brenda Svoboda seeks damages in the amount of $43,683.99 in medical bills plus attorney fees, pursuant to Neb. Rev. Stat. 44-359. In her second claim for relief, plaintiffs seek an unspecified sum because the "plaintiffs have been subjected to harassment by creditors, annoyance, oppression and embarrassment, and their credit has been ruined and they have suffered additional general damages." Filing No. 1, Ex. 1, Complaint, ¶ 2 of claim II.

Thereafter, the defendant removed this action to federal court pursuant to 28 U.S.C. § 1441(a). Filing No. 1. In support of jurisdiction, defendant first contended this case involves an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. However, the magistrate judge determined that no federal question exists.[1] In the alternative the defendant argues this case likely exceeds $75,000 and thus this court would have diversity jurisdiction. On January 8, 2008, the plaintiffs filed a motion to remand and filed a motion to dismiss Count II. Defendant argues the motion to dismiss Count II is an attempt to defeat removal jurisdiction and objects on that basis. However, defendant would not otherwise object to the motion to dismiss Count II. Plaintiffs argue that the amount in controversy relates only to the $43,683.99, exclusive of interest and costs. The magistrate judge determined that the amount plead in the complaint was under $45,000, and that the defendant failed to meet its burden of showing that the amount in controversy exceeds $75,000. The magistrate judge recommended to the court that the case be remanded to state court.

## DISCUSSION

Absent federal question jurisdiction, this court has jurisdiction over civil actions where there is diversity of citizenship and the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332(1). The parties do not dispute the diversity requirement. The court finds the magistrate judge's recitation of the law to be correct.

As stated by the magistrate judge:

---

[1] None of the parties object to this finding, and thus the court will only address the question of the amount in controversy.

> The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. **Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach**, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); **Keene Corp. v. United States**, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); **James Neff**, 393 F.3d at 834 (the court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'"). This is so "even though subsequent events may remove from the case the facts on which jurisdiction was predicated." **Quinn v. Ocwen Fed. Bank FSB**, 470 F.3d 1240, 1248 (8th Cir. 2006).
>
> Generally, "[a] subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." **Hatridge v. Aetna Cas. & Sur. Co.**, 415 F.2d 809, 814 (8th Cir. 1969) (citations omitted). Therefore, "jurisdictional facts must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time." **Dyrda v. Wal-Mart Stores, Inc.**, 41 F. Supp. 2d 943, 948 (D. Minn. 1999) (**citing** *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) (**quoting** *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Filing No. 25 at 5.

At the time of removal, plaintiffs had two claims pending, one for the medical bills in the amount of $43,683.99, costs and fees, and the other for failure to negotiate in good faith, breach of fiduciary duty, general damages, harassment, and damaged credit. Defendant is correct that for purposes of initially determining whether jurisdiction exists "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005). In Count I plaintiffs ask for $43,683.99 plus attorney fees. *See Crawford v. Hoffman-LaRoche, Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (statutory attorney's fee awards count towards amount in controversy). Defendant contends, and the court agrees, that Count II could potentially

3

exceed $32,000.  Again, the court must look at the potential damages at the time the defendant removed the case to federal court.  Based on the allegations as initially alleged in the complaint, including the combination of Count I, Count II, and the potential claim for attorney fees,  the court finds there is the possibility for a fact-finder to find in excess of $75,000.  Accordingly, the court will not adopt the report and recommendation of the magistrate judge that this case be remanded to the state court.

THEREFORE, IT IS ORDERED that:

1.  Plaintiffs' motion to remand, Filing No. 10, is denied;

2.  Plaintiffs' motion to dismiss Count II without prejudice, Filing No. 12, is granted;

3.  Defendant's objection to motion to dismiss, Filing No. 20, is denied;

4.  Defendant's objection to motion to remand, Filing No. 21, is granted;

5.  Plaintiffs' motion to amend motion to dismiss, Filing No. 22, is denied as moot;

6.  The report and recommendation of the magistrate judge, Filing No. 25, is not adopted; and

7.  The objection to the report and recommendation by defendant, Filing No. 26, is granted.

DATED this 21st day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge