## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BRENDA SVOBODA, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:07CV472 |
| | ) | |
| v. | ) | **AMENDED** |
| | ) | **ORDER** |
| **UNION SECURITY INSURANCE COMPANY,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Federal Rule of Civil Procedure 26(c), this Order shall govern the handling of (1) documents, deposition testimony, deposition transcripts, deposition exhibits, affidavits, responses to any discovery requests (including responses to interrogatories, document requests, and requests for admissions) and any other information produced, given, or exchanged by the parties to this action and (2) documents, deposition testimony, deposition transcripts, deposition exhibits, affidavits, and any other information produced by or obtained from nonparties.

## DEFINITIONS

For the purposes of this Order the following definitions shall apply:

"**Discovery Material**" means (1) all documents, deposition testimony, deposition transcripts, deposition exhibits, affidavits, responses to any discovery requests (including responses to interrogatories, document requests, and requests for admissions), and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by the parties to this action and (2) all documents, deposition testimony, deposition transcripts, deposition exhibits, affidavits, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise produced by or obtained from non-parties.

"**Confidential Discovery Material**" means Discovery Material designated as "Confidential" under the terms of this Order.

"**Producing Party**" means any party to this action producing Discovery Material or any third party from whom Discovery Material is obtained.  Non-parties producing Discovery Material shall have the right to designate it as "Confidential," in which case it will be handled in accordance with this Order.  Any party to this action shall have the right to designate as "Confidential" any information produced by or obtained from a nonparty.

"**Designating Party**" means any person designating Discovery Material as "Confidential" under this Order.

## TERMS

1) Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material contains confidential, non-public, proprietary, commercially sensitive, competitively sensitive, or personal information that requires the protections provided in this Order. Confidential Discovery Materials may include, but are not limited to, materials containing the following information:

   A. Business or proprietary information, the disclosure of which might adversely affect a party's competitive position or business operations, including, but not limited to, trade secrets, financial information, business plans, agreements, claim processing or review manuals, policies or procedures relating to claim processing and/or review.

   B. Information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Gramm-Leach-Bliley Act, or any applicable state privacy law or regulation;

   C. Personnel information or personal employee information; or

   D. Any other material qualifying for protection under Federal Rule of Civil Procedure 26 or under the common law.

2) Confidential Discovery Material, and information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other claim, proceeding, or litigation.

3) The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Producing or Designating Party:

    A. In the case of documents or other materials (apart from deposition testimony or deposition transcripts), by designating each and every page of the same with the legend "Confidential" at the time of production.

    B. In the case of information produced on a CD, DVD, or videotape (or other similar format), by designating the outside of the same with the legend "Confidential."

    C. In the case of deposition testimony, deposition transcripts, or deposition exhibits, by (i) an oral statement on the record at the deposition by counsel for the Designating Party that all of the deposition testimony is "Confidential" or that designated portions of the deposition testimony are "Confidential" or (ii) a written statement by counsel for the Designating Party to the other parties' counsel, within thirty (30) days of receipt of the deposition transcript by counsel for the Designating Party, that the entire deposition transcript is "Confidential" or that designated portions of the deposition transcript are "Confidential." Once counsel for the Designating Party designates deposition testimony or deposition transcripts (or portions thereof) as "Confidential," that testimony and those transcripts (or designated portions thereof) shall be considered Confidential Discovery Material under this Order.

    D. In the case of any other production of Discovery Material, by a written statement made by counsel of the Designating Party to counsel for the other parties that such Discovery Material or any portion thereof is "Confidential."

    E. The designation of Discovery Material as "Confidential" will also render "Confidential" any copies, excerpts, summaries, or other

        documents reflecting or referring to the substance or contents of such Discovery Material.

    F.    Inadvertent failure to designate Discovery Material as "Confidential" under subparagraphs A, B, or C of this Paragraph 3 may be amended by written notice given by the Producing Party. Upon receipt of such notification, all Discovery Material so designated shall be fully subject to this Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such Discovery Material in conformance with its original designation.

4) Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    A.    The Court and persons employed by the Court (see paragraphs 6 and 7 below);

    B.    Stenographers transcribing or videographers recording the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

    C.    Any named party (including its current officers, directors, employees, and agents), outside counsel to such parties who have entered formal appearances in this action, in-house counsel for the corporate parties herein, and clerical, paralegal, and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

    D.    Outside consultants or experts retained by a party or its counsel of record in this litigation, to assist in the preparation and trial of this litigation; provided that such outside consultants or experts have signed the Affidavit in the form attached as Exhibit A and thereby agree to be bound by the terms of this Order. Such signed affidavits will be kept by the counsel who retained, or whose client(s) retained,

        the consultant or expert and shall be given to any other party upon request.

    E.    Deposition witnesses questioned by counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness signs an Affidavit in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order, or (ii) if such witness refuses to sign an Affidavit, and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to a Confidentiality Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, and that any misuse of the Confidential Discovery Material will violate the Court's Order and will be punished as a contempt of Court.

    F.    An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized, or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient signs an Affidavit in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

    G.    A mediator or other alternative dispute resolution provider.

5)    No copies of Confidential Discovery Material shall be made except by or on behalf of the persons listed in subsections (A), (B) and (C) of paragraph 4, above. To the extent such authorized persons require copies of Confidential Discovery Material, any such copies shall be used solely for the purposes of this action.

6)    To the extent that any party wishes to use Confidential Discovery Material in a filing to the Court (for example, in a motion, brief, affidavit, or exhibit), the document

containing the Confidential Discovery Material must be placed in a sealed envelope with the legend "Sealed Pursuant to a Confidentiality Agreement" placed on the outside of the envelope.

7) In the event that any Confidential Discovery Material is used at any court proceeding in this action, counsel for the parties shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information in camera. No party who has received Confidential Discovery Material shall offer it into evidence, or otherwise tender it to the Court in any court proceeding, without first advising the Court and the Designating or Producing Party of its intent to do so. At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records. The use of Confidential Discovery Material in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

8) If any receiving party objects to the designation of any Discovery Materials as "Confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are then unable to resolve the dispute, the objecting party may move for relief from this Order with respect to such challenged discovery materials. If such motion is made, the Discovery Material shall continue to be deemed "Confidential," under the terms of this Order, until the Court rules on such motion.

9) The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals therefrom. The Court maintains jurisdiction over any dispute arising out of this Order, including disputes occurring after termination of this action. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all persons having received Confidential Discovery Material shall, at the option of the Designating Party, either return such material and all

copies thereof (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material (including summaries and excerpts) and certify in writing to the Producing and Designating Parties or their counsel that such destruction has occurred.  However, if any party receiving Confidential Discovery Materials deems a summary of such Confidential Discovery Materials to be work product or otherwise privileged, the receiving party has the option of complying with this paragraph by certifying in writing to counsel for the Designating Party, within the same thirty (30) days set forth in this paragraph above, that such summary has been destroyed.  Under no circumstances may the receiving party retain summaries of Confidential Discovery Materials after the time period to return or destroy such materials has passed.

10)    If any party receiving Confidential Discovery Material in this action is served with a subpoena, demand, or any other legal process relating to a different action that seeks Confidential Discovery Material received by the party in this action, that party shall give prompt written notice, by e-mail or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, demand, or legal process, to the Producing and Designating Parties, and shall, unless otherwise ordered by a court, decline to produce the Confidential Discovery Material on the basis of the existence of this Order.

11)    In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

12)    Entering into or agreeing to this Order, and/or producing or receiving Confidential Discovery Material, or otherwise complying with the terms of this Order shall not:

      A.     Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular

        information deemed by any party to be Confidential Discovery Material;

B.   Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

C.   Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

D.   Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

E.   Abrogate or diminish any contractual, statutory, or other legal privilege or protection of a party or person with respect to any Confidential Discovery Material; or

F.   Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential."

13)   Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, Discovery Material that such party designated in this action as "Confidential."

14)   Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the [Federal or name of State] Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

**IT IS SO ORDERED.**

DATED this 19th day of August, 2009.

                                            BY THE COURT:

                                            s/Thomas D. Thalken
                                            United States Magistrate Judge

**EXHIBIT A**
**<u>AFFIDAVIT</u>**

STATE OF _____)

COUNTY OF _____)

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, _____, who states under oath as follows:

1) My name is _____. I am over the age of twenty-one (21) and I am competent to testify and have personal knowledge of the matters set forth herein.

2) I have read the Order Governing the Production and Exchange of Confidential Material (the "Confidentiality Order"), in the action styled Svoboda v. Union Security Insurance Company (the "Litigation"), a copy of which is attached to this Affidavit.

3) I have been informed by _____, Esq., counsel for _____ that materials being shown or provided to me, as described in the list attached to this Affidavit, contain information that has been designated Confidential Discovery Material, as defined in the Confidentiality Order.

4) I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Discovery Material shown or told to me except as authorized in the Confidentiality Order. I further represent that I will not use any Confidential Discovery Material for any purpose other than the Litigation, and that, at the termination of the Litigation, I will return all Confidential Discovery Material with which I have been provided to the counsel from whom I received such Confidential Discovery Material.

5) I will abide by the terms of the Confidentiality Order.

6) For the purposes of enforcing the terms of the Confidentiality Order, I hereby submit to the jurisdiction of the court in the Litigation.

FURTHER AFFIANT SAYETH NOT.

DATED: _____       By _____

I, _____, a Notary Public in and for said County in said State, hereby certify that _____, whose name is signed to the foregoing AFFIDAVIT and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he/she executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this _____ day of _____, 200\_\_.

_____
NOTARY PUBLIC

[SEAL]

My Commission Expires:_____